```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/19/25__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
LYNDA LEGRAND,                                              :
                                                            :
                           Plaintiff,                       :    24 Civ. 429 (AT)
                                                            :
            - against -                                     :    **CONFIDENTIALITY
                                                            :    AGREEMENT AND
                                                            :    PROTECTIVE
CONSOLIDATED EDISON COMPANY OF NEW                          :    ORDER**
YORK, INC.                                                  :
                                                            :
                           Defendant.                       :
------------------------------------------------------------x

      IT IS HEREBY AGREED by and between the undersigned counsel for Plaintiff Lynda Legrand and Defendant Consolidated Edison Company of New York, Inc. ("Con Edison"), that the following provisions shall govern the treatment of confidential documents and information produced by or obtained from any party during discovery in this action:

      1.    With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

      2.    A party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith belies consists of: trade secrets; previously non-disclosed proprietary business information, personal identifying information and protected health information, such as Social Security numbers, home addresses, telephone numbers, dates of birth, financial account numbers, and medical records and testimony. Confidential Information also includes only the names of individuals who have lodged reports or were interviewed as a witness, contained within records concerning investigations conducted by Con Edison's Office of

Diversity and Inclusion ("ODI") (e.g. names appearing in interview summaries/notes, reports, investigator notes, determinations). The names of individuals who are the subject of reports or investigations will not be treated as confidential. Confidential Information also includes any other category of information this Court subsequently affords confidential status (hereinafter "Confidential Information").

3. Confidential Information should be stamped "CONFIDENTIAL." Confidential Information obtained through HIPAA authorizations is automatically treated as Confidential, regardless of whether it has been formally stamped and designated as such.

4. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information produced or obtained will be used by the person receiving such information solely for purposes of the above-captioned litigation.

5. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2D. of the Court's Individual Practices in Civil Cases.

6. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. Counsel for the parties, including necessary paralegal, secretarial and clerical personnel assisting such counsel;

    b. A Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

    c. A stenographer and videographer recording testimony concerning the information;

    d.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, subject to paragraph 7;

    e.  Any person from whom testimony is taken or is to be taken in this action; and

    f.  The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court), the jury at trial, or as exhibits to motions.

7. In the event any part intends to file any documents marked "Confidential" with the Court, it shall redact the names or other identifying information of non-parties prior to filing any such document, except as follows: i) The names of decision-makers and investigators, and ii) The names of peripheral non-parties shall be presumptively redacted in any public filing. If a party believes that such redactions would hinder its ability to prosecute or defend its case, it must first meet and confer to attempt to resolve the dispute without involvement of the Court. If the parties cannot resolve the dispute, the parties shall jointly write to the Court in accordance with the Local Civil Rules of the Southern District of New York, and the Judge's Individual Rules of Practice.

8. A party may not disclose Confidential information to an expert or consultant pursuant to paragraph 6(d) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order.

9. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the later of fourteen (14) days after the close of discovery or fourteen (14) days after the document's or information's production. If so

designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Agreement.

10. If information subject to a claim of attorney-client privilege, the work product or any other privilege or immunity from discovery is produced to a Party and/or non-party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, the work product doctrine or any other privilege or immunity to which the producing Party or person would otherwise be entitled. If a Party or non-party produces Discovery Material that it believes in good faith is subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery belonging to the producing Party or non-party, the producing Party or non-party may notify the Receiving Party that such production contained a disclosure of privileged material, identify the allegedly privileged material, and demand the immediate return thereof. On such demand, the Receiving Party shall immediately return the specified information and any copies it has; shall immediately destroy any electronic copies of the specified information it has; shall not use or disclose the specified information until any dispute as to the privileged nature of the information in question is resolved; shall take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and shall certify the same in writing to the Producing Party. The Receiving Party may promptly raise a challenge to the protected nature of the specified information to the Court for in camera review and a determination of any dispute as to the privileged nature of the information in question. The Producing Party must preserve the information until the claim is resolved. Nothing in this Stipulation shall preclude a Party from challenging a Producing Party's designation of materials as Protected Information or otherwise privileged.

11. At the conclusion of litigation, the Confidential Information and any copies

thereof shall be promptly (and within one hundred twenty (120) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is without prejudice to the right of any party to apply to the Court for a protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or to seek modification of this Agreement.

Nothing in this order shall be construed to supersede the rules governing sealed filings, including Rule IV.A of the undersigned's Individual Practices in Civil Cases, this Court's Local Rules, and the Electronic Case Filing Rules and Instructions. The parties shall meet and confer in an effort to minimize any redaction or sealing request prior to submitting such request to the Court.

SO ORDERED.

Dated:  August 19, 2025
        New York, New York

_____
Hon. Analisa Tores
United States District Judge

**SO STIPULATED:**

Respectfully submitted,

*Hailey Miller*
Hailey Miller
Goddard Law PLLC
Attorneys for Plaintiff
39 Broadway, Suite 1540
Department New York, NY 10006
Hailey@goddardlawnyc.com

*Ivan Mendez*
Iván A. Méndez, Jr.
Attorney for Defendants
Con Edison Law
4 Irving Place, 18th Floor
New York, New York 10003
imendezi@coned.com

## APPENDIX I

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
           **Plaintiff[s],**

**VS.**                                                **Case No.:**

_____
           **Defendant[s].**

      **I, _____ , state the following under penalties of perjury as provided by law:**

      **I have been retained by _____ as an expert or consultant in connection with this case. I will be receiving Confidential information that is covered by the Court's protective order dated _____ . I have read the Court's protective order and understand that the Confidential information is provided pursuant to the terms and conditions in that order.**

      I agree to be bound by the Court's protective order. I agree to use the Confidential information solely for purposes of this case. I understand that neither the Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Confidential information and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

**I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.**

_____
**[signature]**

**Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 20**

_____
Notary Public